Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/09/2026
CT Log Number 551061456

## Service of Process Transmittal Summary

**TO:** ANGIE PRESCOTT, Customer Service Representative
AFNI, INC.
1310 MARTIN LUTHER KING DR
BLOOMINGTON, IL 61701-1465

**RE:** **Process Served in Washington**

**FOR:** Afni, Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BENJAMIN CEREAN, on behalf of himself, and as representative of similarly situated persons // To: Afni, Inc. |
| **CASE #:** | 252385388KNT |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | CT Corporation System, Olympia, WA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/09/2026 at 13:48 |
| **JURISDICTION SERVED:** | Washington |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, ANGIE PRESCOTT angieprescott@afni.com<br>Email Notification, JEFFREY POPE jeffreypope@afni.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>711 Capitol Way S<br>Suite 204<br>Olympia, WA 98501<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jan 9, 2026
**Server Name:** ABC Legal

| | |
|---|---|
| Entity Served | AFNI, Inc. |
| Case Number | 25-2-38538-8 KNT |
| Jurisdiction | WA |

| Inserts | | |
|---|---|---|
| | | |

FILED
2025 DEC 19 03:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-38538-8 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| CEREAN<br><br>VS<br><br>AFNI, INC. | No. 25-2-38538-8 KNT<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

## CAUSE OF ACTION

CPA - Consumer Protection Act

## AREA OF DESIGNATION

KNT All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BENJAMIN CEREAN, on behalf of himself, and as representative of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AFNI, INC.,<br><br>Defendant. | NO.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiff Benjamin Cerean ("Plaintiff"), individually and as proposed representative of a class of similarly situated persons, brings this action against Defendant AFNI, Inc. for violations of the Washington Consumer Protection Act ("WCPA"), as set forth herein.

## I. VENUE, JURISDICTION AND PARTIES

1.1 Plaintiff Benjamin Cerean is a single man residing in Renton, Washington, in King County, Washington.

1.2 Defendant AFNI, Inc. ("AFNI") is a Washington licensed Out-of-State Collection Agency, with its principal place of business located at 1310 Martin Luther King Drive, Bloomington, Illinois 61701-1465. AFNI is registered to do business in Washington under UBI Number 601-628-502 and is registered as a Foreign Profit Corporation with the Washington



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

Secretary of State.

1.3 AFNI collects subrogation claims related to motor vehicle collisions that insurance companies assign to it for collection.

1.4 Venue and personal jurisdiction are proper in King County Superior Court because AFNI does business and is engaged in conduct in violation of Washington's Consumer Protection Act as alleged herein in King County, Washington; and AFNI assented to the jurisdiction of King County Superior Court when it became licensed to do business in Washington as an Out-of-State Collection Agency.

## II. FACTS

2.1 On or about August 8, 2024, Benjamin Cerean's vehicle was involved in a motor vehicle collision with a vehicle driven by Marcus Palozzi.

2.2 Law enforcement did not appear at the scene and no law enforcement report or investigation regarding the collision was completed. The collision resulted in minor damage to both vehicles, and the parties exchanged insurance information.

2.3 On or around April 15, 2025, AFNI sent Mr. Cerean a letter, which he received (hereinafter the "April 15, 2025 letter").

2.4 A copy of the April 15, 2025 letter is attached hereto as **Exhibit A**.

2.5 The April 15, 2025 letter looks like a collection letter and asserts a claim against Mr. Cerean to collect money for alleged damages alleged to have been sustained to Mr. Palozzi's vehicle. The letter could induce an individual to remit payment to AFNI in response to it, under the mistaken belief that the claim was a legally enforceable debt, when in fact it was an unadjudicated claim for tort damages.

2.6 The letter states:



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

a. AFNI is contacting Mr. Cerean on behalf of Progressive Casualty Insurance Company (PCIC) regarding a loss that occurred on 08-08-2024 and PCIC believes that it has a $8,171.04 damage claim against Mr. Cerean.

b. "The Department of Transportation, or appropriate entity, may have been notified of this accident. This notification may result in the suspension of your driving or registration privileges."

c. If Mr. Cerean did not have insurance coverage at the time of the accident he could contact AFNI to discuss his options and "AFNI accepts payments made by Visa, MasterCard, check, money order or check by phone."

d. "[T]he damage claim amount may increase if additional payments are made by [PCIC] on this claim"; and, indicates that "payments" by Mr. Cerean could be made electronically or by mail.

2.7 The letter also has a detachable payment stub that states the damage claim amount is $8,171.04, and it advises Mr. Cerean to "Detach [the payment stub] along perforation and return bottom portion along with payment in the enclosed envelope. For proper credit, please include your Afni account # listed below on your check."

2.8 Mr. Cerean was confused by the collection letter and worried that his driver's license would be suspended. He therefore hired an attorney to investigate AFNI's claim. He paid that attorney $50.00 and spent time away from his job meeting with the attorney to investigate AFNI's claim and threats.

2.9 Upon information and belief, neither AFNI nor PCIC reported the alleged debt to Washington's Department of Licensing.

2.10 On information and belief, the collection letter AFNI sent to Mr. Cerean was



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

created from a template that AFNI uses when communicating with other Washington consumers.

2.11 AFNI's collection activities directed at Mr. Cerean are typical of its collection practices directed at other Washington consumers.

2.12 Upon information and belief, AFNI has attempted to collect from more than 40 Washington consumers using collection letters substantially similar to the collection letter sent to Mr. Cerean on accounts that PCIC assigned to it for collection.

## III. CAUSE OF ACTION: VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT (RCW 19.86 ET SEQ.)

3.1 Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

3.2 Under RCW 19.86.020, unfair and deceptive acts or practices occurring in trade or commerce are prohibited and violate the WCPA.

3.3 Pursuant to RCW 19.86.090, "Any person who is injured in his or her business or property" by a violation of the WCPA may bring a civil suit for injunctive relief, damages and attorney fees and costs.

3.4 To prevail on a WCPA claim, a plaintiff must prove the defendant (1) engaged in an unfair or deceptive act or practice (2) that occurred in trade or commerce (3) that affects the public interest, and (4) that caused (5) injury to the plaintiff's business or property. Collection agencies that send collection letters that are false or misleading relating to insurance subrogation claims violate the WCPA's prohibition against engaging in unfair or deceptive conduct in trade or commerce, and that conduct affects the public interest.

3.5 A collection agency is liable to any person who is injured in their business or property as a result of an unfair or deceptive insurance subrogation claim collection letter sent to that person. A private plaintiff can establish the injury and causation elements of a WCPA claim



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

if the plaintiff incurred expense investigating the true legal status of the debt alleged in the collection letter, spent time away from work investigating the debt, and/or paid a claim not owed.

3.6 Whether an act or practice is unfair or deceptive for the purpose of the WCPA is a question of law.

3.7 Notices of insurance subrogation claims are unfair or deceptive if they look like debt collection notices and may induce people to remand payment in the mistaken belief that they have a legal obligation to do so, when in fact the notices represent nothing more than an unadjudicated claim for tort damages.

3.8 The form letter AFNI sent the Plaintiff looks like a debt collection notice that may induce people to remand payment in the mistaken belief that they have a legal obligation to do so, when in fact the notices represent nothing more than an unadjudicated claim for tort damages.

3.9 By sending Mr. Cerean the April 15, 2025 letter, AFNI committed an unfair or deceptive act or practice in trade or commerce.

3.10 Because AFNI is a collection agency that collects on insurance subrogation claims in Washington, its actions have the capacity to injure others and affect the public interest.

3.11 AFNI's unfair and deceptive acts or practices caused injury to Mr. Cerean's business or property when he had to consult an attorney to dispel uncertainty regarding whether he owed the debt and incurred expense for such assistance, and had to take time off from his employment to consult with the attorney.

3.12 On information and belief, AFNI sent substantially similar collection letters to more than 40 other Washington consumers who incurred expense and suffered injury as a proximate result of the collection letters.



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

3.13 Accordingly, AFNI violated the WCPA and is liable to Plaintiffs and those similarly situated for the injury caused to their business or property as a proximate result of AFNI's conduct, and AFNI should be enjoined from sending such collection letters that misrepresent that the consumers to whom the collection letters are sent owe liquidated amounts to companies like PCIC and/or AFNI for alleged debts arising from motor vehicle collisions or incidents, when in fact the consumers do not owe any such liquidated amounts.

## VI. CLASS ACTION ALLEGATIONS

4.1 Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2 Plaintiff brings this action pursuant to Civil Rule 23(a) and (b)(3), on behalf of the following Class against Defendant:

> **Subrogation Class:** All persons residing in Washington who, on or after four years preceding the date of filing of this action, received at a Washington address a notice or letter from AFNI related to an insurance subrogation claim substantially similar to the letter AFNI sent Mr. Cerean.

4.3 **Numerosity.** The members of the putative Class are so numerous that joinder of all members is impracticable. Upon information and belief, the number of members of the putative Class exceeds 40.

4.4 **Common Questions of Law and Fact.** The questions of law and fact are the same for Plaintiff and for all members of the putative Class, including whether the information included in letters and notices AFNI sends persons residing in Washington relating to insurance subrogation claims is unfair or deceptive as a matter of law.

4.5 **The Plaintiff's Claims Are Typical of the Class.** Plaintiff's claims are typical of the claims of the putative Class because they arise from the notice AFNI sent them attempting to collect on an alleged liquidated subrogation claim.



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

4.6 **The Plaintiff Will Fairly and Adequately Protect the Class.** Plaintiff will adequately represent and protect the interests of the putative Class because he has retained competent and experienced counsel and their interests in the litigation is not antagonistic to the other members of the putative Class.

4.7 **A Class Action is Maintainable Under Civil Rule 23(b)(3).** The questions of law and fact common to all members of the putative Class predominate over questions affecting only individual members of the Class, because all members of the putative Class have been subjected to AFNI's unlawful conduct. The prosecution of separate actions by individual members of the putative Class against Defendant would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions against AFNI concerning the issues in this action. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the putative Class members' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

WHEREFORE, Plaintiff prays for the following relief:

1. For an Order certifying the putative Class identified herein in Paragraph 4.2 under CR 23(b)(3), with Plaintiff as the Class Representative and the undersigned legal counsel as Class Counsel.

2. For Judgment declaring that AFNI's conduct in sending collection letters relating to alleged liquidated insurance subrogation claims to Washington consumers with representations similar to those identified in paragraphs 2.4 through 2.6 is unlawful, and enjoining AFNI from sending similar letters in the future.



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

3. For Judgment for money damages for Plaintiff and putative Class members for all sums collected by AFNI and for all expenses incurred by members of the Class caused by AFNI's collection letters in an amount to be proven at trial, but in no event less than $10,001.00.

4. For judgment for money damages for Plaintiff against AFNI, in an amount to be proven at trial.

5. For prejudgment interest at the statutory rate provided in RCW 19.52.010 on all sums awarded to Plaintiff and putative Class members for liquidated damages amounts, from the date the amounts were liquidated until the date of entry of Judgment herein.

6. For an award of Plaintiff's and putative Class members' costs and reasonable attorney fees pursuant to RCW 19.86.090.

7. For post-judgment interest at the rate of 12% per annum on all money damages awarded to Plaintiff and putative Class members.

8. For leave to conform his pleadings to the proof presented at trial.

9. For such other and further relief as the Court deems just and equitable.

DATED: December 19, 2025.

***Attorneys for Plaintiffs***:

LEONARD LAW, PLLC

*/s Sam Leonard*

Sam Leonard, WSBA #46498
1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 486-1176
Facsimile: (206) 458-6028
Email: sam@seattledebtdefense.com

BERRY & BECKETT, PLLP

*/s/ Guy Beckett*
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA 98122
Telephone: (206) 441-5444
Facsimile: (206) 838-6346
E-mail: gbeckett@beckettlaw.com

FILED
2025 DEC 19 03:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-38538-8 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| BENJAMIN CEREAN<br><br>Plaintiff(s)<br>vs<br><br>AFNI, INC.<br><br>Defendant(s) | No. 25-2-38538-8 KNT<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Mark Larranaga, Dept. 33**<br><br>FILED DATE: 12/19/2025<br>TRIAL DATE:12/21/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 12/19/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 05/29/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 05/29/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 06/12/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 07/20/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 08/31/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 09/14/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 09/14/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 11/02/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 11/23/2026 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 11/30/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 11/30/2026 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 12/07/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 12/14/2026 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 12/14/2026 |
| | Trial Date [*See KCLCR 40*]. | 12/21/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 12/19/2025

Veta Shah

PRESIDING JUDGE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| BENJAMIN CEREAN, on behalf of himself, and as representative of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AFNI, INC.,<br><br>Defendant. | NO. 25-2-38538-8 KNT<br><br>SUMMONS |

TO: AFNI, INC.

A lawsuit has been started against you in the above-entitled court by Benjamin Cerean, plaintiff. Plaintiff's claims are stated in the complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.



Leonard Law, PLLC
1700 7th Ave, Suite 2100
Seattle, Washington 98101
Ph. (206) 486-1176
Fx. (206) 458-6028

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: December 19, 2025.

***Attorneys for Plaintiffs*:**

LEONARD LAW, PLLC

*/s Sam Leonard*
Sam Leonard, WSBA #46498
1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 486-1176
Facsimile: (206) 458-6028
Email: sam@seattledebtdefense.com

BERRY & BECKETT, PLLP

*/s/ Guy Beckett*
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA 98122
Telephone: (206) 441-5444
Facsimile: (206) 838-6346
E-mail: gbeckett@beckettlaw.com